# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

DAVID RAY COATS, )
        Plaintiff, )
    v. ) No. 11-3014-CV-S-FJG-SSA
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., in which plaintiff requested review of the Commissioner's decision denying his application for disability benefits. Plaintiff's claims were denied initially. On March 24, 2009, an administrative law judge (ALJ) rendered a decision finding that plaintiff was not under a "disability," as defined in the Act. On April 23, 2009, the Appeals Council of the Social Security Administration granted plaintiff's request for review, vacated the hearing decision, and remanded for further proceedings. On April 16, 2010, following a supplemental hearing, the ALJ found plaintiff was not under a "disability," as defined in the Act. On November 10, 2010, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's April 16, 2010, decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's motion for judgment. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial

review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted. The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed.

Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record below. In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision. Specifically, the Court finds the ALJ erred in failing to consider treating physician Dr. Bhargava's medical source statement in his April 16, 2010, decision. Further, the ALJ is cautioned that just because Dr. Bhargava's statement is in a checklist form does not mean that opinion is deficient based on its form alone. See Reed v. Barnhart, 399 F.3d 917, 921 (8th Cir. 2005). Additionally, the Court finds that the ALJ improperly discounted the GAF score assessed by Dr. Whisenhunt.

Plaintiff asks that the Court reverse this decision and award back due benefits. However, the Court finds that the appropriate course is to reverse and remand for further proceedings consistent with this Order.

Therefore, for the foregoing reasons, it is **ORDERED** that plaintiff's motion (Doc. No. 12) is **GRANTED.** The decision of the Commissioner is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.

**/S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: October 4, 2011
Kansas City, Missouri